# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| REGINALD D. BURKE, SR.,<br><br>      Plaintiff,<br>v.<br><br>JON E. LITSCHER, DAVID MELBY, LANCE WIERSMA, MELISSA M. LOHRE, GRACE ROBERTS, AMY HARPER, MONICA LUKACH, DENISE SYMDON, PENNY VOGT, and TERESA REICHMANN,<br><br>      Defendants. | Case No. 16-CV-1681-JPS<br><br><br><br><br>**ORDER** |

  The plaintiff filed a *pro se* complaint for alleged violations of his constitutional rights. (Docket #1). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that is, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he/she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him/her by a

person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The focus of the plaintiff's complaint is that he is being improperly kept on the Wisconsin Sex Offender Registry, and will be forced to do so for the remainder of his life. His registration is, however, proper under Wisconsin law and according to the facts alleged and exhibits attached to the complaint. In 1979, a jury convicted the plaintiff of, *inter alia*, two counts of second degree sexual assault. *See State v. Reginald Donnett Burke*, Milwaukee County Circuit Court, 1979-CF-5184. In 1996, he pleaded no contest to, *inter alia*, two counts of third degree sexual assault. *See State of Wisconsin v. Reginald D. Burke*, Walworth County Circuit Court, 1996-CF-226.

Wisconsin statutes provide that anyone convicted of a sex offense after December 25, 1993, must comply with sex offender reporting requirements. Wis. Stat. § 301.45(1g)(a). All of the above convictions are "sex offenses," but the 1979 offenses do not fall within the stated time frame.[1] This is important because lifetime registration applies to, among other persons, those who have been found guilty of two or more sex offenses. *Id.* § 301.45(5)(b)1. The plaintiff believes that because the 1979 offenses do not count under Section 301.45(1g)(a), he should only be considered to have one registerable sex offense, and thus he need not be subject to lifetime registration. He contends

---

[1]"Sex offenses" include violations of Section 940.225(2) (second degree sexual assault), the basis for the 1979 offenses, and Section 940.225(3) (third degree sexual assault), the basis for the 1996 offenses. Wis. Stat. § 301.45(1d)(b).

the defendants, various members of the Wisconsin Department of Corrections (the "DOC"), have been improperly counting the 1979 offenses so as to keep him on the registry.

The plaintiff's claim is based on a misunderstanding of how the relevant statutes operate in conjunction with one another. As noted above, the 1996 offenses fall within Section 301.45(1g)(a), and so they impose a registration requirement on the plaintiff. Section 301.45(5) governs release from the registration requirements, and its relevant subsections are as follows:

> (b) A person who is covered under sub. (1g)(a) . . . shall continue to comply with the [registration] requirements of this section until his or her death if any of the following applies[.]
> . . .
> 1. The person has, on 2 or more separate occasions, been convicted . . . for a sex offense[.]

*Id.* § 301.45(5)(b) and (b)1. Unlike Section 301.45(1g)(a), Section 301.45(5)(b)1 has no time limitation. Thus, for purposes of reaching the two sex offense threshold, the state must count any sex offenses committed throughout the person's lifetime. Because he has two separate sex offenses, one from 1996 and the other 1979, the plaintiff meets Section 301.45(5)(b)1's requirements. In other words, the 1996 offenses placed the plaintiff on the registry, and

when considered together with the 1979 offenses, these statutes prevent him from *leaving* the registry, in this case, for his entire life.[2, 3]

With that confusion alleviated, the Court notes that most of the complaint is either based on the registration requirement itself, or issues derived therefrom, such as the need to wear a location-monitoring ankle bracelet. As described above, these allegations fail to state valid claims for relief; if the defendants were correct in keeping the plaintiff on the registry, they could not have violated any of his constitutional rights. However, it is not clear whether the plaintiff's complaint attempts to state claims which are not dependent on the lifetime registration issue. Consequently, the Court will permit the plaintiff to amend his complaint to remove the invalid claims described above and more clearly state any other potential claims he attempted to bring in the original complaint. The amended complaint must be received no later than **February 8, 2017**. If no amended complaint is received, the Court will assume that the complaint was entirely based on the claims discussed above and will dismiss it this matter with prejudice for failure to state any cognizable claims. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court makes additional observations for the plaintiff's benefit. A successful complaint alleges "the who, what, when, where, and how: the first

---

[2] Another effect of counting the 1979 and 1996 offenses is that a "Special Notice Bulletin" must be issued by the DOC wherever the plaintiff resides. Wis. Stat. § 301.46(2m)(am)1. The bulletin is sent to the police chief of that community and the sheriff of the relevant county, notifying them of the plaintiff's presence. *Id.* The plaintiff's complaint appears to encompass this issue as well, though it is founded on the Court's analysis above.

[3] As shown by the correspondence attached as exhibits to the complaint, the defendants and other DOC personnel have previously explained this to the plaintiff. *See* (Docket #1-1 at 29, 30, 33).

paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). The plaintiff's initial complaint included voluminous legal argument, citations, and other non-factual allegations and commentary. None of these are necessary or helpful additions to a civil complaint. Instead, he need only provide "a **short** and **plain** statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2) (emphasis added).

Further, an amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Accordingly,

**IT IS ORDERED** that the plaintiff shall file an amended complaint curing the deficiencies in the original complaint described above on or before **February 8, 2017**, or this matter will be dismissed with prejudice.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge