# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINALD D. BURKE, SR.,

                      Plaintiff,

v.

DAVID MELBY, LANCE WIERSMA,
MELISSA M. LOHRE, GRACE ROBERTS,
AMY HARPER, MONICA LUKACH,
DENISE SYMDON, PENNY VOGT,
TERESA REICHMANN, GARY H.
HAMBLIN, and EDWARD F. WALL,

                      Defendants.

Case No. 16-CV-1681-JPS

**ORDER**

On January 18, 2017, the Court screened the plaintiff's original complaint. (Docket #4) (the "Original Screening Order"). The Court found that the plaintiff's primary concern regarding sex offender registration was groundless, and that it was unclear if he wished to assert any claims independent of that issue. *Id.* at 3-5. The Court required the plaintiff to offer an amended complaint to continue this action. *Id.* at 5. On February 3, 2017, the plaintiff submitted an amended complaint. (Docket #5).

As noted in the Original Screening Order, the Court is required to screen complaints brought under the *in forma pauperis* statute. *See* (Docket #4 at 1); 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss such a complaint if it raises claims that are legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The same standards cited in the Original Screening Order apply here. (Docket #4 at 1-3).

The Original Screening Order explained that the plaintiff's concern about lifetime sex offender registration was based on a misreading of the

relevant statute. *Id.* at 3-5. The statute provides that requiring the plaintiff to submit to lifetime registration is appropriate given his two sex offenses. *Id.* The defendants could not, therefore, be liable for any alleged constitutional violations for enforcing the law as to the plaintiff. *Id.* The Court advised the plaintiff that it was unclear whether he advanced claims which were not founded on the lifetime registration rule and its attendant consequences. *Id.* at 5. The Original Screening Order required the plaintiff to remove any allegations regarding the lifetime registration issue from his amended complaint and more clearly state any other claims he wished to pursue. *Id.* Finally, the Court suggested that the plaintiff excise all extraneous legal argument, citations, and commentary from the amended complaint. *Id.* at 5-6.

The amended complaint reveals that the plaintiff refused to heed any of the Court's instructions. It is nearly identical, word-for-word, to the original complaint. *Compare* (Docket #1 and #5). The changes which were made are immaterial to the overall thrust of the pleading, which still attacks the lifetime registration requirement and related consequences, like GPS location monitoring. The amended complaint also retains all of the extraneous material the Court stated was inappropriate for legal pleading.

These failings, after the plaintiff was given an opportunity to correct them, warrant dismissal. As explained by the Seventh Circuit:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim. . . . [A]lthough "[f]at in a complaint can be ignored", *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), "dismissal of a complaint on the ground that it is unintelligible is

relevant statute. *Id.* at 3-5. The statute provides that requiring the plaintiff to submit to lifetime registration is appropriate given his two sex offenses. *Id.* The defendants could not, therefore, be liable for any alleged constitutional violations for enforcing the law as to the plaintiff. *Id.* The Court advised the plaintiff that it was unclear whether he advanced claims which were not founded on the lifetime registration rule and its attendant consequences. *Id.* at 5. The Original Screening Order required the plaintiff to remove any allegations regarding the lifetime registration issue from his amended complaint and more clearly state any other claims he wished to pursue. *Id.* Finally, the Court suggested that the plaintiff excise all extraneous legal argument, citations, and commentary from the amended complaint. *Id.* at 5-6.

The amended complaint reveals that the plaintiff refused to heed any of the Court's instructions. It is nearly identical, word-for-word, to the original complaint. *Compare* (Docket #1 and #5). The changes which were made are immaterial to the overall thrust of the pleading, which still attacks the lifetime registration requirement and related consequences, like GPS location monitoring. The amended complaint also retains all of the extraneous material the Court stated was inappropriate for legal pleading.

These failings, after the plaintiff was given an opportunity to correct them, warrant dismissal. As explained by the Seventh Circuit:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim. . . . [A]lthough "[f]at in a complaint can be ignored", *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), "dismissal of a complaint on the ground that it is unintelligible is

unexceptionable." [*Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)]. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff's amended complaint is not only long and confused, but it is based almost entirely on an invalid premise (that his lifetime registration is improper). What other claims may lurk therein are unintelligible. Because the plaintiff has failed to offer viable claims after being given multiple opportunities to do so, this action must be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge